IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Irving E. Twitty, | ) | C/A No. 0:10-2661-DCN-PJG |
| Plaintiff, | ) | |
| vs. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden Elaine Robinson; Tijuana L. Crisp, Nationwide Insurance Comp.; Hunter W. Elgin; Judge C. Maddox; Nikki L. Moore, | ) | |
| Defendants. | ) | |

This matter is before the Court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The Plaintiff, proceeding *pro se*, filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* must be denied because Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury. Furthermore, if Plaintiff fails to timely pay the filing fee, his Complaint should be dismissed.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners such as Plaintiff who have filed prior frivolous litigation in a federal court from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28

U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at the Stevenson Correctional Institution of the South Carolina Department of Corrections. Plaintiff completed a Court Form AO 241—a petition under 28 U.S.C. § 2254 for writ of habeas corpus—and he attached forty-one pages of exhibits wherein he purports to sue several individuals for money damages related to an automobile accident and for the denial of his constitutional rights. It appears that Plaintiff is *not* seeking to challenge a state court conviction and request his release from state custody, which is the purpose of 28 U.S.C. § 2254. See generally O'Brien v. Moore, 395 F.3d 499, 505 (4th Cir. 2005) (noting that the traditional function of the writ of habeas corpus is to obtain release from illegal custody). Therefore, this court construes Plaintiff's petition as a Complaint pursuant to 42 U.S.C. § 1983. See Castro v. United States, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . to avoid an unnecessary dismissal . . . ."); Manigault v. LaManna, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780, *4 n.4 (D.S.C. May 11, 2006) ("This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid 'unjust manipulation or avoidance of its jurisdiction'").

PJG

In the instant case, Plaintiff complains that a South Carolina Circuit Court and the South Carolina Court of Appeals both denied his motions to proceed *in forma pauperis* when he attempted to bring an action for damages related to an automobile accident. Plaintiff alleges that by denying his *in forma pauperis* motions those state courts denied his rights of access to the courts, due process, and equal protection because he could not bring suit to collect monies based upon his injuries from an automobile accident.

Plaintiff is a frequent filer in the federal court system, and he previously has filed nineteen civil actions in this court. This court may take judicial notice[1] of the three civil actions filed by the Plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous, malicious, or for failing to state a claim.[2] See Twitty v. Petty et al., 3:00-47-DWS (D.S.C. Feb. 24, 2000); Twitty v. Stevens et al., 7:00-2615-DWS (D.S.C. Sept. 20, 2000); and Twitty v. Werner et al., 7:01-4131-DWS (D.S.C. January 9, 2002).

In light of Plaintiff's prior "strikes," he cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3rd

---

[1] See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the court could take notice of its own files and records).

[2] In McLean v. U.S., 566 F.3d 391 (4th Cir. 2009), the Fourth Circuit concluded that a prisoner's action dismissed without prejudice for failure to state a claim did not count as a strike for purposes of 28 U.S.C. § 1915(g). The plaintiff's prior cases that have been deemed strikes were not dismissed for failure to state a claim so they are unaffected by the McLean decision.



Cir. 2001); Banos v. O'Guin, 144 F.3d 883 (5th Cir. 1998). This Complaint does not fit within this exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. If Plaintiff timely pays the filing fee, his Complaint will then be subject to review by the undersigned to determine if service of process should be authorized.

## ORDER AND RECOMMENDATION

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is denied. It is further

**ORDERED** that Plaintiff shall have fifteen (15) days to pay the filing fee (currently $350). If Plaintiff fails to timely pay the full filing fee, it is

**RECOMMENDED** that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 29, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).